## THE CITY OF ALTON

*v.*

## BENJAMIN FISHBACK, Exr.

*Opinion filed October 16, 1899.*

1. PLATS—*under the Revised Statutes of 1845 each proprietor was required to acknowledge plat.* An attempted dedication of land to a city under the Revised Statutes of 1845 (chap. 25, p. 115,) is ineffectual when the plat was not personally acknowledged by each of the proprietors, in accordance with section 20 of such act.

2. DEDICATION—*when absence of consent of mortgagee vitiates dedication.* A dedication of property by a mortgagor for a public use, without the co-operation or consent of the mortgagee, fails where the latter acquires title to the premises upon foreclosure.

3. ESTOPPEL—*when owner is not estopped to deny validity of statutory dedication.* The owner of land is not estopped to deny the validity of a statutory dedication for highway purposes by the acts of those from whom she derived title, when they did not consent to the platting of the street or recognize it as platted, although they made a common law dedication of a highway, which did not include the strip in controversy, which was not accepted or opened by the city.

4. DAMAGES—*verdict of $100 in trespass against city for removing fence held not excessive.* Damages of $100 awarded a property owner for trespass are not excessive, where sixty feet of his fence was taken down by the city and a sidewalk constructed three and one-half feet within its line, to the injury of trees and the grounds.

WRIT OF ERROR to the Circuit Court of Madison county; the Hon. WILLIAM HARTZELL, Judge, presiding.

L. D. YAGER, and HENRY S. BAKER, for plaintiff in error.

DUNNEGAN & LEVERETT, for defendant in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an action of trespass brought by Mrs. Ottillia H. Fishback in the Madison circuit court, against the city of Alton. The injury complained of is the tearing down and removal of her fence, destroying trees and dig-

ging up her grounds. A trial was had by jury upon the pleas of not guilty and *liberum tenementum,* resulting in a judgment for the plaintiff for $100 and costs of suit. To reverse that judgment this writ of error is prosecuted.

There is no substantial controversy between the parties as to the facts. The plaintiff is the owner of lands bordering on the east side of Washington street, in the city of Alton, which city by ordinance had provided for laying a sidewalk in front of her property. The contractor putting down the walk, acting under the direction of the city engineer, determined that her fence was in the street, and having notified her husband to remove it, and it not being done, he, the contractor, took down some sixty feet of the fence and placed the sidewalk about three and a half feet upon the land which had been enclosed by the fence.

Under its plea of *liberum tenementum* the city insisted upon the trial, and now contends, that the *locus in quo* was a part of the public street, and therefore it legally tore down and removed the fence. It is admitted by the brief and argument in this case that plaintiff made out a *prima facie* case against the defendant, and if the sidewalk was not built within the limits of Washington street the trespass was committed as alleged, and it is said "the ultimate question, therefore, before this court is, was the sidewalk laid within the limits of Washington street."

It is shown by the evidence on behalf of plaintiff, and not questioned by the defendant, that the fence taken down and removed had been in that place for more than thirty years, and there is no claim that the strip of ground enclosed by that fence had ever been actually used as a part of the street. The city, in support of its plea that it was legally a part of the street, relies solely upon a dedication by William Manning, John Higham and Robert Smith, platting an addition to Alton. That plat, which was introduced in evidence, purports to have been made by these parties November 20, 1835. It is

conceded that prior to that time William Manning had executed and delivered a mortgage upon his part of the land to one Russell, which was in force at the time of the addition, and that Russell was neither a party to nor consented to the dedication, but that he afterwards foreclosed his mortgage and acquired title thereby to the premises, a part of which is the strip here in controversy. The attempted dedication was made under the statute then in force, found in the Revised Statutes of 1845. (Chap. 25, p. 115.) Section 17 of that statute provides that in making the plat or map the parties shall cause the premises to be surveyed by the county surveyor (if there be one) of the county in which the town or addition is situated, and if not, then by the county surveyor of an adjacent county. The only certificate attached to the plat offered in evidence is signed "Deniah Robinson, S. M. C., by Joseph Burnap, deputy."

It is objected on the part of defendant in error that there is nothing here to show that the certificate was made by the county surveyor of any county. If this were the only objection to the validity of the plat we might indulge the presumption that the letters following the name of Robinson mean "surveyor of Madison county," as is claimed by counsel for plaintiff in error. But a more substantial, and, we think, fatal, objection to the plat is found in the fact that the certificate of acknowledgment attached thereto shows that William Manning, Jr., one of the proprietors, did not acknowledge the same, the certificate being, "William Manning, Jr., by Robert Smith, his attorney," etc. The statute above referred to (section 20) provides that "before offering such plat or map for record the parties making the same shall acknowledge it," etc., and we have held that unless that acknowledgment is made by the party or parties in their own proper person the plat is invalid. (*Gosselin* v. *City of Chicago*, 103 Ill. 623, followed by *Earll* v. *City of Chicago*, 136 Ill. 277.) It is, in fact, conceded that if this plat had

been made by William Manning, Jr., alone, the objection to the acknowledgment would be fatal; but an attempt is made to escape that conclusion by urging that inasmuch as the plat is made by three parties, the other two properly acknowledging it, the defect as to Manning is cured. This position is wholly untenable. The act of dedication was the joint act of the three parties, and to be valid as a transfer of their title it must have been executed in conformity with the requirements of the statute by each of them. Again, it is clear that the attempted dedication upon the part of William Manning, without the co-operation or consent of his mortgagee, Russell, was invalid. We said in *Gridley* v. *Hopkins*, 84 Ill. 528: "A dedication of property for public use is in the nature of a conveyance for the purposes of the use, but a person can convey or donate no more or greater title than he holds. If he has no title or his title is conditional, and it fails, the dedication fails.' This language was quoted with approval in *Elson* v. *Comstock*, 150 Ill. 303.

It is contended that, notwithstanding this defect upon the face of the proceeding, plaintiff below was estopped to deny the validity of the statutory dedication by the acts of the mortgagee and his grantee, her father, from whom she derived title; and for this position reliance is placed upon the case of *Smith* v. *Heath*, 102 Ill. 130. The facts of that case bear no resemblance to those in the case at bar. Here there was no consent on the part of the mortgagee that the property might be platted, nor did the conveyance to plaintiff's father, made in pursuance of the decree of foreclosure, in any way refer to Washington street or the alleged plat. Nor is there any evidence of affirmative acts on the part of plaintiff or her father from which it can be said they recognized the street as platted. There was doubtless a good common law dedication on the part of the father, but that dedication did not extend to or include the strip of land here in controversy. On the contrary, it was never open to

public travel, much less accepted by the city and used as a part of the street.

We think the city wholly failed to make out the defense that the plaintiff's fence, and the ground taken by the city for a sidewalk, were a part of the public street. We are also of the opinion that there is no substantial ground for the insistence that the damages awarded by the jury were excessive. No complaint whatever is made of the rulings of the trial court upon the admission or exclusion of evidence or in giving or refusing instructions. The damages awarded were authorized by the proofs.

On the whole record we find no reversible error, and the judgment of the circuit court is affirmed.

*Judgment affirmed.*