BENEDICT FISCHBACK

v.

THE PEOPLE *ex rel.* Tetherington, County Treasurer.

*Opinion filed June 19, 1901.*

1. SPECIAL ASSESSMENTS—*objections available at confirmation can not be made to application for sale.* Under section 66 of the Local Improvement act of 1897 no defense or objection can be made or heard, on application for judgment of sale, which might have been interposed in the proceeding for the making of the assessment or on the application for confirmation thereof.

2. SAME—*what not an available objection on application for sale.* That the completed paving improvement deprives the objector of a sidewalk in front of his property is not a valid objection on application for judgment of sale, where it is shown that the improvement was completed in strict conformity with the ordinance and the maps, plans and detail drawings prepared by the city engineer, on file in his office and referred to in the ordinance, and where no satisfactory reason appears why the objector could not have appeared and filed his objections on application for confirmation.

APPEAL from the County Court of Madison county; the Hon. WILLIAM P. EARLY, Judge, presiding.

DUNNEGAN & LEVERETT, for appellant.

L. D. YAGER, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

On the application of the county collector of Madison county for a judgment of sale of appellant's lot in the city of Alton for the first installment of a special assessment levied to pay his proportion of the cost of paving Washington street, extending along the front of such property, the appellant appeared and filed objections to judgment, in substance, first, that there was no sufficient description of the property in the published notice of the application; second, that the improvement for which the assessment was levied was not made in accordance with

the ordinance; and third, that the improvement as made deprives objector of a sidewalk in front of his property.

As to the first objection, we find no substantial defect in the description, and as counsel for appellant make no mention of this objection in their brief or argument it must be regarded as waived. Inasmuch as we are of the opinion that the other two objections were properly overruled for other reasons, we need not consider the question raised by appellee that the ordinances given in evidence by appellant and set out in the record were not sufficiently proved and were improperly admitted in evidence.

It appears that in September, 1899, the city council passed an ordinance providing for the paving of Washington street with brick for the width of forty-two feet, and for the paying of the cost of the work by special assessment levied upon property specially benefited. The assessment was made on such property, including appellant's lot, and was duly confirmed by the county court, after notice to the property owners, including appellant. It does not appear that appellant appeared or filed any objections to the confirmation, and his counsel say in their brief that he does not object to the improvement of the street, but only to its being done in such a manner as to deprive him of a sidewalk in front of his property. After the judgment of confirmation, and in 1900, while the work was in progress, appellant objected to it because, as he claimed, there would be no room left for a sidewalk in front of his lot. It further appears that afterward the city council passed an ordinance which defined the lines and width of the space for a sidewalk on that side of the street, and which reduced the width of such space from the uniform width of twelve feet, as theretofore by ordinance provided, to a width, from the curb line of the street as paved and improved, which varied from twelve feet to four and two-tenths, according to the lot lines fronting on said street. There was

some evidence that the city had theretofore constructed the sidewalk and placed it over the line on appellant's lot instead of in front of it, and that appellant had recovered damages for the trespass, (*City of Alton* v. *Fishback*, 181 Ill. 396,) and appellant testified that the curb of the improved street touched at some points on his property, but there was no evidence adduced showing where the true line was. It appears, however, from the evidence, that the improvement was made in strict conformity with the ordinance authorizing it and the maps, plans and detail drawings prepared by the city engineer, referred to in the ordinance and which were on file in his office, and no sufficient reason appears why appellant could not have made and filed his objections in the county court on the application for confirmation. Section 66 of the Local Improvement act of 1897 provides, that on application for judgment of sale "no defense or objection shall be made or heard which might have been interposed in the proceeding for the making of such assessment or the application for the confirmation thereof." It may be that the actual construction of the improvement brought more directly and forcibly to his attention the fact, if it be a fact, that his property would not be benefited, or benefited to the extent it was assessed, by the improvement, than was done by the ordinance and its accompanying maps and plans. Still, that would not give him the right to appear and make the same objections on the application for sale that he should have made on the application for confirmation. It was not shown that the location of the improvement had been changed or was different from the one provided for in the ordinance, but only that a subsequent ordinance was passed changing the width of the sidewalk. The sidewalk ordinance did not change or purport to change the ordinance under which the improvement was made, nor to affect the improvement in any way.

Counsel cite and rely on *Carter* v. *City of Chicago,* 57 Ill. 283, to support the proposition that the city council had no power to appropriate so much of the street for roadway purposes whereby abutting property owners would be deprived of a sidewalk in front of their premises. We do not understand counsel to insist that the ordinance for the improvement was and is void for lack of power of the city council to pass it, but if such were their contention and the equitable doctrine announced in *Carter* v. *City of Chicago, supra,* were applicable here, we could not find, from the meager evidence in this record, that appellant is deprived of a sidewalk in front of his property.

The judgment must be affirmed.

*Judgment affirmed.*