ERNEST A. HOWARD et al., Plaintiffs, *v.* LOUIS A. BELLINGER et al., Defendants.

Supreme Court, Special Term, Albany County, January 3, 1952.

*J. Le Roy Kniskern* for plaintiffs.

*Walter L. Collins, County Attorney,* for County of Albany, defendant.

ELSWORTH, J.   This is a foreclosure action affecting real property situate in the town of Knox, Albany County.   The bond and mortgage being foreclosed were given by the defendants Bellinger to the plaintiffs on January 28, 1948.   The plaintiffs make application here for summary judgment striking out the answer of the defendant Albany County.   The facts have been stipulated.

The defendant the Federal Land Bank of Springfield is the holder of a prior unsatisfied mortgage, dated May 2, 1946, covering the premises in question.   Subsequent both to the giving of that mortgage and the one now being foreclosed, the defendants Bellinger executed and delivered to the county of Albany an " Option ", dated July 20, 1949, and recorded August 16, 1949, which provided as follows:

" Option from Louis A. Bellinger and Rose Z. Bellinger to Albany County Highway Department for land to improve a county highway known as County Road No. 260 Knox, and to execute and deliver to the County of Albany upon demand a good and sufficient title free and clear from any and all incumbrances of land described in map 4A and 4B upon payment of $350.00.

" Permission given to Albany County Highway Department and contractor to enter upon said land for construction work."

The instant action was begun by plaintiffs in May, 1951. Part of the relief sought therein is the cutting off of any right, claim and lien of the County of Albany in the mortgaged premises under said option. The county has interposed a separate defense alleging that under the option it " obtained an interest in the premises in question superior to the interest of said plaintiffs; that said option and interest is still valid and subsisting and is not subject or subordinate to the lien alleged by the plaintiffs to be vested in them."

So the issue here, simply stated, is: Did the defendants' mortgagors, acting independently in giving the said " Option ", subordinate the plaintiffs' rights under their mortgage thereto?

The acceptance of the affirmative of that proposition appears unsound on its face. Due consideration fails to dispel such first blush impression.

In asserting its position of superior interest, the defendant county relies on the following portion of section 118 of the Highway Law relating to the acquisition of lands for the construction and improvement of county roads: " The execution by the property owner of an option to purchase, or of a release or agreement giving the county the right to enter and occupy property for highway purposes shall be deemed to be a sufficient acquisition of right-of-way under this article, and upon the certification of the board of supervisors that the county has secured such options, releases or agreements from the reputed owners of all parcels of right-of-way called for by the plans, the county superintendent may proceed to advertise for proposals for the improvement."

To interpret that provision in accordance with the contention here advanced by the county would be tantamount to holding that the taking under this option is equivalent to an acquisition under condemnation. Such is clearly not the case. When condemnation becomes effective the mortgage lien is transferred from the land to the award and mortgagee rights are amply

protected by the assurance of just and equitable compensation being fixed, either judicially or under judicial supervision.

In the present situation, the agreed price may well be fair and just but whether that be so or not, these plaintiffs as mortgagees have had no voice in fixing the same although the security under their mortgage patently is affected thereby. Instances where substantial impairment of mortgage security could result from permitting the giving of binding options by mortgagor-owners alone are easy to visualize. One who was distressed and disgruntled, with little or no hope of saving his property, might well be constrained to deal on terms wholly inadequate for the protection of his mortgagee's interests. The inevitable conclusion must be that the Legislature never intended any such result to flow from its enactment of the statute in question. While no constitutional questions have been raised here, a contrary holding could reasonably be expected to give basis for injection of (1) the issue of impairment of contracts — at least as to such in force at the date of enactment — and (2) the issue of due process.

While a mortgage in our State creates only a lien on the mortgaged real property, it does create a security that cannot be diminished by acts of a mortgagor without the consent of the mortgagee. Title is in a mortgagor, but a conveyance by him is subject to the rights of the mortgagee. In this case the option, being subordinate to the rights of the mortgagees, could not and did not change in the slightest degree the security of the mortgaged lands. The mortgagors and third parties could not diminish such security of the mortgagees by any act to which the mortgagees were not a party. Even a dedication of property for public use cannot be without the consent and co-operation of a mortgagee (*City of Alton* v. *Fishback*, 181 Ill. 396; see, also, *Hague* v. *Inhabitants of West Hoboken*, 23 N. J. Eq. 354, 358; *Kiernan* v. *Mayor of Jersey City*, 80 N. J. L. 273, 276; *Gregory* v. *City of Ann Arbor*, 127 Mich. 454, 458).

The requirement of said section 118 of the Highway Law as above-quoted, is that execution of the option be " by the property owner ". The county's asserted construction of that phrase would exclude all other parties having an interest in the property. No such narrow interpretation, however, is made applicable to the term " owner " as used in the Condemnation Law. To the contrary, as defined therein, it means " all persons having any estate, interest, or easement in the property to be taken, or any lien, charge, or incumbrance thereon " (Condemnation Law, § 2), and mortgagees have been held specifically as included

within the term (*Matter of Holman* [*Warren Co.*], 268 App. Div. 330). In that case the court said (p. 331): "The term ' owner ' when employed in statutes relating to eminent domain to designate the persons who are to be made parties to the proceeding, refers, as is the rule in respect of those entitled to compensation, to all those who have any lawful interest in the property to be condemned."

Entry and occupancy under condemnation only becomes available after compliance with the procedural requirements of notice and service, and thereafter a mortgagee still is possessed of his right to be heard upon the amount of the award. These plaintiffs, however, have been treated as complete strangers to the transaction and compensation has been fixed wholly without their participation. Such arbitrary dealing with their rights in the property covered by the option runs counter to fundamental principles of justice and cannot be sanctioned here.

The plaintiffs' motion for summary judgment striking out the answer of the defendant County of Albany is granted, without costs.

Submit order.