OPINION OF THE COURT
Memorandum.
Judgment of the court below (94 Misc 2d 274) unanimously affirmed, without costs.
Plaintiffs predecessor in title executed a mortgage consolidation agreement with the defendant bank containing provisions requiring the mortgagor to deposit moneys in escrow with the bank which were to be applied to monthly real estate taxes and other assessments. Said mortgage was assumed by plaintiff. Plaintiff subsequently transferred the mortgaged property to defendant V. Ponte & Sons, Inc. Inadvertently, at the closing, no adjustment was made with regard to the escrow fund held by the bank. Shortly thereafter, the defendant bank paid quarterly real estate taxes in connection with the subject property utilizing moneys deposited in the escrow *990 fund by or in behalf of plaintiff pursuant to the terms of the mortgage instrument. Plaintiff then brought an action against the bank and plaintiff’s grantee, V. Ponte & Sons, Inc., to recover said moneys.
The defendant bank is not liable to the plaintiff (see Matter of Valerio v College Point Sav. Bank, 48 Misc 2d 91, 92; Howard v Bellinger, 200 Misc 1082, 1085). Defendant Ponte, however, was unjustly enriched by the afore-mentioned payment of real estate taxes which the bank made subsequent to the subject premises being transferred to Ponte. Accordingly, Ponte must make restitution to the plaintiff as directed by the court below (see Miller v Schloss, 218 NY 400, 407).
Concur: Pino, P. J., Buschmann and Weinstein, JJ.