OPINION OF THE COURT
David B. Saxe, J.
Is a cause of action for unjust enrichment barred by the subject matter jurisdictional limitations of the Civil Court? The defendant, in opposition to the plaintiff’s motion to amend its complaint to include a cause of action in unjust enrichment, says that such a cause of action is barred because it involves “equitable considerations”, relying on Commissioners of State Ins. Fund v Echavarria (NYLJ, Sept. 10, 1979, p 14, col 1 [Civ Ct of City of NY, NY County]).
Nevertheless, the cases of Eightway Corp. v Dime Sav. Bank of Williamsburgh (94 Misc 2d 274, affd 99 Misc 2d 989 [App Term, 2d Dept]) and Crest Chimney Cleaning Co. v Ahi Ezer Congregation (62 Misc 2d 1040) indicate that monetary awards have been rendered in the Civil Court arising out of claims for unjust enrichment.
Although a claim for unjust enrichment involves “equitable considerations”, it is essentially a claim for a money judgment which is covered within the jurisdictional boundaries contemplated for the Civil Court. A court, of course, has the inherent right to take equitable considerations into *681 account (Dobbs, Remedies, § 2.1, p 28), and since they are merely reflections of fairness, no court, unless expressly limited by a statute, should deprive itself of the capacity to take them into account where the suit involves money damages only.
In Eightway (supra), the court held that a real estate vendor was entitled to recover from the purchaser upon an unjust enrichment claim the overlooked escrow balance not required for payment of real estate taxes for the benefit of the purchaser.
In Crest (supra), the court held that where a contractor had done work for a religious society, notwithstanding the absence of a direct contract between the society and the contractor, but where the society’s ágent had known of the contractor’s work and did not stop it, the contractor would be entitled to recover for his services upon a claim of unjust enrichment.
I disagree with the holdings of the court in Echavarria (supra), which viewed unjust enrichment as providing for an equitable remedy and thus a cause of action not contemplated by CCA 202.
CPLR 103 (subd [a]) provides: “(a) One form of action. There is only one form of civil action. The distinctions between actions at law and suits in equity, and the forms of those actions and suits, have been abolished.”
This basic notion that a court may take account of equitable considerations in granting judgments for money damages only, has been previously recognized. In Matter of Wing (162 Misc 551), the court stated: “The principle underlying this rule is in origin * * * [an] equitable one that ‘whenever one person has in his possession money which he cannot conscientiously retain from another, the latter may recover it’ * * * but its application has long since been extended to legal tribunals as is demonstrated by the fact that as early as 1832 it was held that assumpsit would lie for the recovery of money credited by mistake. (Tinsler v. May, 8 Wend. 561.)” (P 553.) Moreover, “Given a proper case for it, restitution may be sought in contract actions, tort actions, statutory actions and others; it may be sought in law or in equity” (Dobbs, op. cit.s § 4.1, p 223).
*682 Accordingly, I hold that under both the CPLR and the prevailing authorities, the Civil Court has the power to take account of equitable considerations in connection with awarding judgments for a sum of money only and that any other rule would needlessly deprive this court of its inherent power to grant full justice within its monetary jurisdictional limitations. The cause of action for unjust enrichment is therefore within the jurisdiction of this court.
Additionally, since the fraud alleged involves a separate fraud, pertaining to matters surrounding the “execution” of the contract, it constitutes a separate cause of action.
Therefore, plaintiff’s motion is granted and the second amended complaint as set forth in plaintiff’s exhibit C is deemed served as of this date. The defendant shall be entitled to discovery with respect to the new causes of action alleged but the case shall nevertheless remain on the Trial Calendar.