■ COMMONWEALTH LAND TITLE INSURANCE COMPANY et al., Appellants, v ALLAN LITUCHY et al., Respondents.—Order, Supreme Court, New York County (Diane S. Lebedeff, J.), entered October 27, 1989, which denied plaintiffs' motion for summary judgment and granted defendants' motion for summary judgment to the extent of dismissing the complaint of Roosevelt Savings Bank and otherwise denied it with leave to renew, unanimously affirmed, without costs.

On February 7, 1985, defendants, in connection with a $75,000 loan from Intercounty Mortgagee Corporation, executed an adjustable-rate promissory note secured by a mortgage on certain realty they owned in Belle Harbor, New York. The note was payable in monthly payments and was to be paid in full by March 1, 2015. The mortgage and note were later assigned for value to Roosevelt Savings Bank. Defendants defaulted on their obligations under the loan and this action was commenced. Thereafter, defendants sold the mortgaged property and Roosevelt Savings Bank assigned the note and mortgage to plaintiff Commonwealth Land Title Insurance Company.

It is undisputed that neither the original mortgage nor the subsequent assignments was ever recorded and that no mortgage recording tax was paid as required by section 253 of the Tax Law.

Section 258 (1) of the Tax Law provides in pertinent part that "[n]o judgment or final order in any action or proceeding shall be made for the foreclosure or the enforcement of any mortgage which is subject to any tax imposed by this article or of any debt or obligation secured by any such mortgage, unless the taxes imposed by this article shall have been paid".

While plaintiff Commonwealth argues that the promissory note executed by the defendants was separate from the mortgage, review thereof shows that the note specifically refers to

the subject property and states that it is secured by the mortgage. Therefore, payment of the required taxes is necessary before a judgment on the underlying debt can be granted to the plaintiffs. Since section 258 of the Tax Law does not create the obligation to record a mortgage, the failure to record the mortgage and pay the tax does not render the mortgage and note unenforceable. *(Rathe v Adirondack Concepts,* 131 AD2d 81, 85; *see, Mutual Life Ins. Co. v Nicholas,* 144 App Div 95, 98-99.) Thus, Commonwealth may be entitled to obtain a judgment on the debt simply by paying the required tax any time prior to judgment or final order. *(Mutual Life Ins. Co. v Nicholas, supra; see also, Matter of Central Hanover Bank & Trust Co. v 42 Broadway Realty Corp.,* 172 Misc 606, 612.)

The complaint insofar as it asserted a cause of action on behalf of Roosevelt Savings Bank was properly dismissed since that bank received value for its assignment and, as assignor, no longer has standing to sue on the debt. *(Nichol v Royal Natl. Bank,* 40 AD2d 660.) Concur—Kupferman, J. P., Ross, Rosenberger, Kassal and Smith, JJ.