On Application for Rehearing

PER CURIAM.
The opinion of July 23, 1993, is withdrawn and the following opinion is substituted therefor.
*579 This is an appeal from a judgment entered on a jury verdict in favor of the plaintiff, Henry M. Whetstone, against the corporate defendant, Associates of Selma, Inc., for the deficiency owed on a note executed by Associates to Whetstone for the purchase of a mobile home park, and against the individual defendant Charles Moseley, president of Associates, for damages based on the defendants’ changing the water and sewer service at the mobile home park from a private to a public system.
In 1985, Whetstone sold Jones Trailer Park to Associates for $350,000. Associates paid Whetstone $100,000 and executed a $250,000 note to Whetstone for the balance. The note was secured by a mortgage on the park. In 1986, Whetstone assigned the note and mortgage to Peoples Bank and Trust Company of Selma as collateral for a loan by the Bank to Whetstone. The assignment document, in pertinent part, read as follows:
“FOR VALUE RECEIVED, the undersigned transfers, assigns, and sets over to The Peoples Bank ... that certain mortgage ... TOGETHER with the note or notes therein described and secured thereby, ... and all rights accrued or to accrue to the Mortgagee under said Mortgage.”
Although Whetstone had assigned the note and mortgage to the Bank as security, Associates continued to make the monthly payments to Whetstone, and Whetstone then paid the Bank.
Associates fell behind in its payments, and the Bank foreclosed on the mortgage in 1990. Whetstone purchased the park at the foreclosure sale, and then initiated this action to recover the deficiency still owed on the Associates note, and to recover damages for Moseley’s alleged wrongful discontinuation of the park’s private water and sewer system in order to connect the park to the public water and sewer system.
The ultimate issue to be decided on this appeal, as it relates to the judgment against Associates, is whether Whetstone’s assigning to the Bank the note and mortgage executed by Associates to Whetstone operated to cut off Whetstone’s right to sue for a deficiency following the default by Associates and the resulting foreclosure and sale by the Bank. We have found no Alabama case that speaks directly to this issue. There are, however, Alabama eases, as well as decisions from other jurisdictions and statements in legal encyclopedias, that aid our analysis and decision here.
“In at least two instances, the Alabama Legislature has expressed its policy as to the effect of the transfer of debt secured by real property. Alabama Code § 8-5-24 (1975) ... states:
“ ‘The transfer of a bond, bill or note given for the purchase of lands, whether the transfer be by delivery merely or in writing, expressed to be with or without recourse on the transferor, passes to the transferee the lien of the vendor of the lands.’
“Alabama Code § 35-10-1 (1975) ... provides:
“ Where a power to sell lands is given to the grantee in any mortgage, or other conveyance intended to secure the payment of money, the power is part of the security, and may be executed by any person ... who, by assignment or otherwise, becomes entitled to the money thus secured; ....’
“Under these two statutes, R.B.C., being the assignee of the debt and notes which are secured by the debtor’s tract of land, possesses the purchase-money lien on the land and holds the power of sale under the mortgage — sufficient to effect a foreclosure sale in the event of the debtor’s default.”
In re JLJ, Inc., 115 B.R. 324, 333 (Bankr. N.D.Ala.1990).
The language of the assignment executed by Whetstone to the Bank is that of an unconditional or unqualified assignment; therefore, “[i]t is a complete transfer of the whole thing granted or a completed transfer of the entire interest of [Whetstone] in the particular subject matter [here, the note and mortgage executed by Associates].” 6A C.J.S. Assignments § 2, p. 591 (1975).
Whetstone’s unconditional assignment to the Bank was an unqualified transfer of Whetstone’s interest in the note and mort *580 gage executed by Associates; therefore, “[u]nless the assignment is void or otherwise invalid, [Whetstone lost] all right to control or enforce” the terms of the note and mortgage, “and he has no right except as he may sue for the benefit of his assignee, to recover judgment on the claim, or to recover damages for breach of the contract assigned.” 6A C.J.S. Assignments § 96, p. 753 (1975).
In other words, following his unconditional assignment of the Associates note and mortgage to the Bank, Whetstone no longer had the right to make any claim against the note and mortgage “unless authorized to do so by the [Bank].” State Farm Fire & Casualty Co. v. Ray, 556 So.2d 811, 813 (Fla.Dist.Ct. App.1990). Indeed, the transfer accomplished by the assignment to the Bank “operated to constitute the [Bank] the party really interested in the said debt.” Taylor v. Perry, 48 Ala. 240, 247 (1872). See, also, Commonwealth Land Title Insurance Co. v. Lituchy, 161 A.D.2d 517, 555 N.Y.S.2d 786 (1990).
In light of the foregoing, we hold that, as the assignee of the Associates note and mortgage pursuant to an unconditional assignment document, the Bank was a necessary party to these proceedings. It was not included, by interpleader or otherwise, as a party. Rule 17, A.R.Civ.P. Therefore, the judgment in favor of Whetstone against Associates is reversed and as to those parties the cause is remanded.
The judgment against Charles Moseley, individually, is also reversed. The water and sewer systems were connected to the public water and sewer systems after the mortgage was assigned to the Bank. Therefore, at the time the alterations in the property were made, Moseley did not owe any duty to Whetstone not to alter the property. Further, Whetstone bought the property “as is” at the foreclosure sale and, therefore, cannot complain of that alteration in his capacity as the purchaser at the foreclosure sale. We find no evidence in the record to support the judgment against Moseley; therefore, the judgment against him is reversed and a judgment is rendered in his favor.
APPLICATION GRANTED; ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; REVERSED; REMANDED IN PART; AND JUDGMENT RENDERED IN PART.
HORNSBY, C.J., and SHORES, HOUSTON, STEAGALL and INGRAM, JJ., concur.