■ ROSLYN SAVINGS BANK, Appellant, v JUDE THADDEUS GLEN COVE MARINA, INC., et al., Respondents. [697 NYS2d 333] —In an action, *inter alia*, to recover damages for the payment of a check against insufficient funds, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Franco, J.), dated August 27, 1998 as denied its cross motion for summary judgment on the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied that branch of the cross motion which was for summary judgment on the complaint against the defendant Jude Thaddeus Glen Cove Marina, Inc., and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On May 6, 1997, the defendant Patricia Cohen issued a $25,000 check (hereinafter the Cohen/Marina check) payable to the defendant Jude Thaddeus Glen Cove Marina, Inc. (hereinafter the Marina). On June 5, 1997, the Marina issued a check in the sum of $26,866 to Skyline Steel Corp. (hereinafter the Marina/Skyline check). On that day the account of the Marina at the plaintiff, Roslyn Savings Bank (hereinafter Roslyn), had a balance of less than $5,000. On June 9, 1997, the Marina deposited the Cohen/Marina check

into its Roslyn account and was issued an immediate provisional credit for the full amount of the check. On June 12, 1997, Roslyn paid the Marina/Skyline check although it had not yet collected on the Cohen/Marina check. The Cohen/Marina check was ultimately dishonored by the payor bank and Roslyn thereafter commenced this action against both Cohen and the Marina.

UCC 4-212 (1) provides that a collecting bank (i.e., Roslyn) is entitled to charge back a provisional credit to its customer if the bank: "fails by reason of dishonor, suspension of payments by a bank or otherwise to receive a settlement for the item which is or becomes final, the bank may revoke the settlement given by it, charge back the amount of any credit given for the item to its customer's account or obtain refund from its customer".

Since Roslyn never received settlement for the Cohen/Marina check, its right of charge-back or refund did not terminate (see, UCC 4-212 [1]; 4-213 [2], [3]; Hanna v First Natl. Bank, 87 NY2d 107; Fromer Distribs. v Bankers Trust Co., 36 AD2d 840). Moreover, while the payment by Roslyn of the Marina/Skyline check before collecting on the Cohen/Marina check may have been imprudent, under the circumstances of this case, Roslyn has demonstrated its prima facie entitlement to judgment against the Marina based upon unjust enrichment (see, Bank Leumi Trust Co. v Bally's Park Place, 528 F Supp 349; Hanna v First Natl. Bank, supra; Bank of N. Y. v Asati, Inc., 184 AD2d 443). The Marina has not demonstrated any material issue of fact sufficient to defeat the cross motion (cf., Manufacturers Hanover Trust Co. v Akpan, 91 Misc 2d 622). Accordingly, Roslyn is entitled to summary judgment against the Marina (see generally, Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395).

However, the court properly denied that branch of the cross motion which sought summary judgment against Cohen. Inasmuch as the Cohen/Marina check appears to have been presented to Roslyn more than 30 days after it was issued, there remains, inter alia, a question of fact as to whether Roslyn acquired the status of a "holder in due course" with respect to this check or was merely a "holder" subject to Cohen's defenses against Marino, including lack of consideration (see, UCC 3-302, 3-304 [3] [c]; 3-306; Hartford Acc. & Indem. Co. v American Express Co., 74 NY2d 153; Chemical Bank v Haskell, 51 NY2d 85). O'Brien, J. P., Santucci, Thompson and Altman, JJ., concur.