■ NATIONAL FINANCIAL Co., Respondent, v DAVID K. UH, Appellant. [720 NYS2d 17] —Judgment, Supreme Court, New York County (Barbara Kapnick, J.), entered July 13, 1999, in plaintiff's favor, bringing up for review an order, same court and Justice, entered on or about May 17, 1999, which granted plaintiff's motion to amend the caption of this action to substitute National Financial Co., an Illinois general partnership, as plaintiff, granted plaintiff's motion to strike defendant's answer for failure to provide a bill of particulars, directed the Clerk to enter judgment in favor of plaintiff, and denied defendant's cross-motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the judgment vacated and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint. The appeal from the aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The complaint verified August 27, 1992 seeks judgment upon a promissory note executed by defendant in favor of the original named plaintiff in this action, in the amount of $28,087.71 and for counsel fees in the amount of $4,213.05. Defendant's answer dated October 23, 1992 denies the material allegations of the complaint and asserts two counterclaims, which seek judgment against Empire "for professional services rendered in the sum of $4,2219.13 *[sic]*" and damages for "various unlawful collection practices." In defense, the answer alleges that the bank is not the proper party to maintain this action because, *inter alia*, it has been declared insolvent and has assigned its rights to a third-party.

By way of motion dated September 23, 1998, National Financial Co. applied for an order amending the caption of the

action to reflect that it is the successor to Empire State Bank's claim against defendant, striking defendant's answer for failure to serve a bill of particulars and permitting National to enter judgment against defendant. Defendant cross-moved for summary judgment dismissing the complaint on the ground that Empire State Bank lacked standing to sue. Supreme Court granted the motion and denied the cross motion. This appeal ensued.

The record discloses that, on July 28, 1989, the Superintendent of Banks for the State of New York declared Empire State Bank to be insolvent. The Federal Deposit Insurance Corporation was appointed receiver and notified defendant that it had become the holder of his note. The note was ultimately assigned to National Financial Co., as indicated by National's letter to defendant dated May 14, 1992.

Upon assignment of the note, Empire State Bank's claim against defendant passed to its assignee (*General Motors Acceptance Corp. v Kalkstein*, 101 AD2d 102, 106, *appeal dismissed* 63 NY2d 676). Having assigned the note, Empire was no longer the real party in interest with respect to an action upon the instrument and retained no right to pursue a claim against defendant (*James McKinney & Son v Lake Placid 1980 Olympic Games*, 61 NY2d 836). Dismissal of the complaint is therefore required for lack of standing (*Commonwealth Land Tit. Ins. Co. v Lituchy*, 161 AD2d 517, 518).

There is no merit to the contention by National that the designation of Empire State Bank in the caption is a mere oversight, the only consequence of which was to prompt the motion for substitution. It was represented, both in the body of the complaint and the caption, that Empire was the party prosecuting the action and, significantly, the motion to substitute National Financial Co. as plaintiff was not made until nearly six years after joinder of issue. In any event, the failure to name the real party in interest cannot be remedied by resort to the expedient of substitution (*Matter of C & M Plastics [Collins]*, 168 AD2d 160, 162; *see also, Pinto v Ancona*, 262 AD2d 472, 473). Concur—Rosenberger, J. P., Nardelli, Tom, Mazzarelli and Rubin, JJ.