◼ MAHOPAC NATIONAL BANK, Appellant, v ANTONELLA GELARDI et al., Respondents. [750 NYS2d 115] —In an action to recoup an overdraft from the defendants' account at the plaintiff bank, the plaintiff appeals from an order of the Supreme Court, Putnam County (Hickman, J.), dated September 28, 2001, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Putnam County, for entry of an appropriate judgment in the amount of the overdraft plus interest and costs.

On August 7, 2000, the defendants deposited a check dated July 27, 2000, in the amount of $8,500 in their checking account at the plaintiff bank. The check was written by a third party from an account at the Putnam County Savings Bank. The plaintiff's policy is to consider local checks deposited in a depositor's account available funds on the second day after deposit. On August 9, 2000, the defendant Antonella Gelardi

withdrew $8,000 from the defendants' checking account. That same day, at 5:03 P.M., the plaintiff was informed that a "stop payment order" had been issued on the check, which was returned unpaid by the Putnam County Savings Bank on August 10, 2000. By letter dated August 11, 2000, the plaintiff demanded reimbursement for the overdraft. The defendants refused to comply, contending that they deposited the $8,500 in good faith, waited the full two-day waiting period, and then withdrew $8,000.

After issue was joined in this action to recoup the overdraft, the plaintiff moved for summary judgment, noting that the depositors' agreement provided that each account holder "agrees to be jointly and severally liable for any account deficit resulting from charges or overdrafts." The deposit agreement further provided that "[a]ny items, other than cash, accepted for deposit * * * will be given provisional credit only until collection is final." In opposition, the defendants reiterated their position that they had done nothing wrong and should not be held responsible for a "bank error."

The Supreme Court denied the plaintiff's motion for summary judgment on the ground that "there exists an issue of fact whether defendants acted in good faith in withdrawing $8,000 in funds on August 9, 2000, based on the deposit two days earlier of an $8,500 check as to which the maker later stopped payment." We reverse.

Even if the defendants acted in good faith, their good faith did not enable them to shift the risk that the check would be returned unpaid to their bank. On this point UCC 4-212 (1) provides, in pertinent part: "If a collecting bank has made provisional settlement with its customer for an item and itself fails by reason of dishonor, suspension of payments by a bank or otherwise to receive a settlement for the item which is or becomes final, the bank may revoke the settlement given by it, charge back the amount of any credit given for the item to its customer's account or obtain refund from its customer whether or not it is able to return the items if by its midnight deadline or within a longer reasonable time after it learns the facts it returns the item or sends notification of the facts."

As previously noted, the parties' deposit agreement also stated that "any items, other than cash, accepted for deposit * * * will be given provisional credit only until collection is final."

In *Hanna v First Natl. Bank of Rochester* (87 NY2d 107, 119), the Court of Appeals held that "[a] collecting bank acts as the agent of its customer, and until such time as the collecting

bank receives final payment, the risk of loss continues in the customer, the owner of the item * * * Thus, the provisional credit to the customer remains provisional and revocable until the collecting bank has received the funds." In *Roslyn Sav. Bank v Jude Thaddeus Glen Cove Mar.* (266 AD2d 198), this Court held that a depositary bank which issues a provisional credit for a deposited check may charge back the provisional credit to its customer pursuant to UCC 4-212 (1) if it does not receive settlement from the payor bank.

In this case, the plaintiff was the depository and collecting bank. The plaintiff never received settlement for the check from the payor bank, Putnam County Savings Bank. Accordingly, the plaintiff was entitled to charge back its customers, the defendants, for the amount of the overdraft on their account. Ritter, J.P., Altman, H. Miller and Adams, JJ., concur.