OPINION OF THE COURT
Memorandum.
Order, dated January 31, 2007, affirmed, with $10 costs.
Plaintiff mortgagee commenced this action seeking the return of $18,680.99 in real estate taxes that it paid under mistake to the City of New York on behalf of defendant mortgagor High Tech Park, Inc. Plaintiff sought recovery of the tax payment based upon unjust enrichment against High Tech, and under a written guarantee against defendants Lieberman and Corn-positron Corporation.
In moving for summary judgment, plaintiff established that the real estate tax payment was inadvertently remitted to the City on behalf of High Tech, one day after plaintiff had assigned the mortgage and released all escrow funds to a new lender. “A person may be unjustly enriched not only where he receives money or property, but also where he otherwise receives a benefit. He receives a benefit where his debt is satisfied or where he is saved expense or loss” (Blue Cross of Cent. NY. v Wheeler, 93 AD2d 995, 996 [1983]). Here, plaintiff demonstrated that High Tech benefitted from plaintiffs mistaken payment of real estate *3 taxes on the mortgaged property (see generally Eightway Corp. v Dime Sav. Bank of Williamsburgh, 94 Misc 2d 274, 280 [1978], affd 99 Misc 2d 989 [1979]). To assert a valid defense to plaintiffs action to recover the mistaken payment, defendant High Tech was required to demonstrate detrimental reliance on the payment (see Banque Worms v BankAmerica Intl., 77 NY2d 362, 366-367 [1991]; Manufacturers Hanover Trust Co. v Chemical Bank, 160 AD2d 113, 121-122 [1990], Iv denied 77 NY2d 803 [1991]). High Tech’s submission in opposition demonstrated that it neither relied on plaintiffs payment of the real estate taxes nor suffered any detriment as a result of the payment. Additionally, the absence of any question of fact concerning High Tech’s obligation for the tax payment warranted the grant of summary judgment on the guarantee executed by Lieberman and Corn-positron. Where, as here, a guarantee is unlimited and continuing, it is not automatically terminated by a change in the parties’ relationship nor is it limited to the life of the loans executed contemporaneously therewith (see Chemical Bank v Sepler, 60 NY2d 289, 294 [1983]).
We also sustain the denial of defendants’ motion for leave to amend their answer to assert various legal counterclaims based upon plaintiff’s alleged failure to comply with its “banking” obligations under the mortgage. Even assuming, in defendants’ favor, that the proposed counterclaims were not precluded by the “no-counterclaim” clauses contained in both the mortgage and guaranty (see generally Palm Beach Mtge. Mgt, LLC v Red Tulip, LLC, 18 AD3d 379 [2005]; Banque Nationale de Paris v 1567 Broadway Ownership Assoc., 214 AD2d 359 [1995]), the counterclaims set forth in the proposed answer were “legally insufficient and not properly pleaded with the requisite particularity” (see Bank Leumi Trust Co. of N.Y. v D’Evori Intl., 163 AD2d 26, 28 [1990]). Defendants’ allegations were conclusory, speculative and unsupported by any evidentiary showing establishing the merits of the proposed counterclaims (see Mestel & Co. v Smythe, Masterson & Judd, Manda Weintraub, 181 AD2d 501 [1992]), merely alleging in the broadest of terms that at “various [unspecified] times and intervals” during the parties’ “banking relationship,” plaintiff improperly “removed” funds from High Tech’s accounts, failed to credit unspecified “loan payments” made by High Tech, and imposed “excessive” but unelaborated charges and fees upon the corporate guarantor.