■ ADMINISTRATION FOR CHILDREN'S SERVICES, on Behalf of VICKI STEADMAN, Respondent, v WEST SANFORD, Appellant. [890 NYS2d 522]—

The parties do not dispute that the mother, having given up custody of her child, had no child-support rights to assign to

petitioner, and the latter thus lacked standing to bring this action (*see James McKinney & Son v Lake Placid 1980 Olympic Games*, 61 NY2d 836 [1984]; *National Fin. Co. v Uh*, 279 AD2d 374 [2001]). Respondent asserted the defense of lack of standing in a motion to vacate the support order made within days of being assigned counsel in 2006. Prior to that, in 2001 and 2004, he had written letters to the Magistrate advising that the mother did not have custody and that her application for support was thus improper and illegal, but these letters were disregarded as improper in form. Under these circumstances, we find pro se respondent's letters constituted applications within the meaning of Family Court Act § 451. Concur—Gonzalez, P.J., Friedman, McGuire, DeGrasse and Manzanet-Daniels, JJ.