BANCO POPULAR NORTH AMERICA, Respondent, v AHARON LIEBERMAN et al., Appellants. [905 NYS2d 82]—

Order of the Appellate Term of the Supreme Court of the State of New York, First Department, entered on or about November 10, 2008, which, in this action by plaintiff bank to recover a property tax payment it mistakenly made after assigning a mortgage, affirmed an order of Civil Court, New York County (Jose A. Padilla, Jr., J.), entered on or about January 31, 2007, granting plaintiff's motion for summary judgment in the principal amount of $18,630.99 against defendants, the mortgagor and its guarantors, and denying defendants' cross motion

to dismiss the second and third causes of action and for leave to amend their answer to assert certain counterclaims, unanimously modified, on the law, to deny plaintiff's motion for summary judgment against defendant guarantors and to grant the cross motion to the extent of dismissing the second and third causes of action and granting leave to amend the answer to assert the first, second, third, fourth, and fifth proposed counterclaims, which are severed and may continue as independent causes of action, and otherwise affirmed, without costs.

Plaintiff established its entitlement to recover from defendant High Tech, under the theory of unjust enrichment, the amount of property taxes it inadvertently paid on High Tech's mortgaged property (*see Roslyn Sav. Bank v Jude Thaddeus Glen Cove Mar.*, 266 AD2d 198 [1999]; *Bank of N.Y. v Asati, Inc.*, 184 AD2d 443 [1992]). Defendants' claim to a setoff based upon alleged improper banking practices by plaintiff is merely a "possible, unliquidated liability," and does not preclude plaintiff's immediate recovery of the property tax payment from High Tech (*Spodek v Park Prop. Dev. Assoc.*, 263 AD2d 478, 478 [1999], *lv denied* 94 NY2d 760 [2000]). Accordingly, plaintiff is entitled to summary judgment on its first cause of action against High Tech.

Although the guaranty executed by defendants Lieberman and Compositron was broad, it arose in the context of a loan facility and contemplated the guaranty of obligations incurred by High Tech as a "Borrower." Construing the guaranty strictly (*see White Rose Food v Saleh*, 99 NY2d 589, 591 [2003]), plaintiff's unjust enrichment claim to recover monies it mistakenly conveyed on High Tech's behalf, outside of any loan agreement, is simply not the kind of liability the guarantors agreed to secure (*see Nassau Trust Co. v LAC Indus.*, 83 AD2d 503 [1981], *lv denied* 55 NY2d 604 [1981]; *see also Giovanelli v First Fed. Sav. & Loan Assn. of Phoenix*, 120 Ariz 577, 583, 587 P2d 763, 769 [1978]). Accordingly, plaintiff is not entitled to summary judgment against the guarantors and plaintiff's second cause of action must be dismissed.

Once plaintiff assigned the mortgage, it lacked standing to sue to recover the overpayment under the mortgage documents (*see Commonwealth Land Tit. Ins. Co. v Lituchy*, 161 AD2d 517, 518 [1990]). Because plaintiff's claim against High Tech sounds solely in unjust enrichment and is not asserted under the mortgage, and because, as noted, plaintiff cannot assert any claim under the guaranty, the attorneys' fees provisions of the mortgage and guaranty do not apply. Accordingly, the third cause of action, seeking attorneys' fees, must also be dismissed.

As to defendants' motion for leave to amend their answer, CPLR 3013 requires that "[s]tatements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense." A defendant seeking to amend its answer to allege a counterclaim is not required to submit evidentiary proof to justify the amendment (*see Crespo v Triad, Inc.*, 294 AD2d 145, 148 [2002]).

Defendants' first, second, fourth, and fifth proposed counterclaims, which are supported by an affidavit from defendants' certified public accountant based upon his review of defendants' bank records, contain facts sufficient to give the court and plaintiff notice of various allegedly improper withdrawals and excess debits, late charges, and interest assessed by plaintiff against defendants and the material elements of their claims for breach of contract. At a minimum, they state a claim for a setoff (*see Burns v Lopez*, 256 NY 123, 128 [1931]; *Banco do Estado de Sao Paulo v Mendes Jr. Intl. Co.*, 249 AD2d 137, 138 [1998]).

Defendants' third proposed counterclaim is also sufficiently pleaded. The tort of trade libel or injurious falsehood requires the knowing publication of false and derogatory facts about the plaintiff's business of a kind calculated to prevent others from dealing with the plaintiff, to its demonstrable detriment (*see Waste Distillation Tech. v Blasland & Bouck Engrs.*, 136 AD2d 633 [1988]). In addition, the facts so published must cause special damages, in the form of actual lost dealings (*see SRW Assoc. v Bellport Beach Prop. Owners*, 129 AD2d 328, 331 [1987]). The third proposed counterclaim satisfies these requirements by its allegations that plaintiff's failure to properly credit High Tech's loan payments adversely affected its credit; that plaintiff informed potential lenders that High Tech was in arrears, with knowledge that the statement was false; and that plaintiff's adverse action caused Independence Bank to reject a long-term loan application at a favorable interest rate, which will result in High Tech paying over $500,000 in additional interest over the life of a substitute loan it obtained from Washington Mutual Bank.

Thus, as plaintiff makes no claim of prejudice attributable to defendants' three-month delay in asserting the first, second, third, fourth and fifth proposed counterclaims, defendants are entitled to amend their answer to assert them (*see Daigle v Texas Intl. Co.*, 109 AD2d 648 [1985]). However, the sixth proposed counterclaim, seeking special or consequential damages as a remedy, fails as defendants have not alleged that the

special damages they seek were "within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting" (*Chapman v Fargo*, 223 NY 32, 36 [1918]).

Insofar as plaintiff contends that High Tech's counterclaims are barred by the mortgage, an action to recover under a theory of unjust enrichment is "based on the equitable principles that a person shall not be allowed to enrich himself unjustly at the expense of another" (*Waldman v Englishtown Sportswear*, 92 AD2d 833, 836 [1983]). While the mortgage provides that High Tech waived the right to assert a counterclaim or offset "in any action or proceeding brought by [plaintiff] to enforce any of its rights under the note or under this mortgage," plaintiff's claim against High Tech sounds solely in unjust enrichment and, if equity is to be achieved, plaintiff may not invoke the waiver provided for in the mortgage. However, in view of plaintiff's entitlement to summary judgment on its first cause of action and the yet uncertain nature of defendants' counterclaims, the latter, which raise separate issues, are severed and may continue as independent causes of action (*see* CPLR 603; *Perelmutter v New England Mut. Life Ins. Co.*, 79 AD2d 583 [1980], *affd* 55 NY2d 663 [1981]). Concur—Andrias, J.P., Catterson, Renwick, Richter and Román, JJ. **[Prior Case History: 22 Misc 3d 1.]**