SUNTRUST MORTGAGE, INC., Respondent, v ADAM MOONEY, Appellant. [978 NYS2d 901]—

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

"To prevail on a claim of unjust enrichment, a party must show that (1) the other party was enriched, (2) at that party's expense, and (3) that 'it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered' " (*Citibank, N.A. v Walker*, 12 AD3d 480, 481 [2004], quoting *Paramount Film Distrib. Corp. v State of New York*, 30 NY2d 415, 421 [1972]; *see Goel v Ramachandran*, 111 AD3d 783 [2013]; *Branch Servs., Inc. v Cooper*, 102 AD3d 645, 647 [2013]). Contrary to the defendant's contention, the plaintiff met its prima facie burden of demonstrating its entitlement to judgment as a matter of law through the submission of the affidavit of its vice president and documentary evidence showing that the plaintiff inadvertently paid property taxes on behalf of the defendant (*see Banco Popular N. Am. v Lieberman*, 75 AD3d 460, 461 [2010]). In opposition, the defendant failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The defendant's remaining contention is without merit.

Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the complaint. Rivera, J.P., Leventhal, Hall and Roman, JJ., concur.