■ LAW OFFICES OF ALEXANDER E. SKLAVOS, PC, et al., Appellants, v FIRST NATIONAL BANK OF LONG ISLAND, Respondent. [24 NYS3d 95]——

In an action, inter alia, for injunctive relief based upon a breach of contract, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Bucaria, J.), entered September 3, 2014, which granted the defendant's motion for summary judgment dismissing the complaint and denied their cross motion for summary judgment on the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendant's motion for summary judgment dismissing the complaint and substituting therefor a provision denying the defendant's motion; as so modified, the order is affirmed, with costs to the appellants.

The plaintiff Alexander E. Sklavos deposited a cashier's check into his attorney trust account (hereinafter the account) for the benefit of a certain client. After the check was found to be fraudulent, the defendant, First National Bank of Long Island (hereinafter the bank), sought to recoup the funds from the account. The funds, however, were no longer in the account because they had been wired to a client of Sklavos several days before the fraud was discovered. The bank then placed a "hold" on the account, and Sklavos, on behalf of himself and his professional corporation (hereinafter together the plaintiffs), commenced this action asserting a single cause of action seeking injunctive relief with respect to funds in the account plus costs and an attorney's fee. The plaintiffs contended that the funds in the account were held for the benefit of others and that, among other things, the bank had no right to a "charge-back" of the amount of the credit it had given for the fraudulent check (*see* UCC 4-212 [1]). Eventually, the bank moved for summary judgment dismissing the complaint, and the plaintiffs cross-moved for summary judgment. The Supreme Court granted the bank's motion and denied the plaintiffs' cross motion, finding that the risk of loss with respect to the fraudulent check was on the plaintiffs. The Supreme Court did not address the plaintiffs' contention that the bank had no right to seek recoupment through funds held for the benefit of the plaintiffs' other clients.

UCC 4-201 (1) provides, in pertinent part, that "[u]nless a contrary intent clearly appears and prior to the time that a settlement given by a collecting bank for an item is or becomes final . . . the bank is an agent or sub-agent of the owner of the item and any settlement given for the item is provisional." The bank established, prima facie, that its settlement of the cashier's check was only provisional and that it had met its duty of ordinary care in its handling of the check (*see* UCC 4-201 [1]). In opposition, however, the plaintiffs raised a triable issue of fact as to whether the defendant could seek recoupment of the loss through certain funds in the account. Thus, although the Supreme Court correctly determined that the risk of loss for the fraudulent check was on the plaintiffs until final settlement and that the bank could pursue remedies against the plaintiffs for the amount of the loss (*see* UCC 4-201 [1]; 4-212; *Greenberg, Trager & Herbst, LLP v HSBC Bank USA*, 17 NY3d 565 [2011]; *Mahopac Natl. Bank v Gelardi*, 299 AD2d 460, 461-462 [2002]), it erred in granting the bank's motion. The court, however, correctly denied the plaintiffs' cross motion, inasmuch as the plaintiffs failed to establish, prima facie, that the bank was seeking to appropriate funds owned by clients of the plaintiffs other than the client who perpetrated the fraud (*cf. Daly v Atlantic Bank of N.Y.*, 201 AD2d 128, 132 [1994]). Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.