Gardner v Virtuoso Ltd (2022 NY Slip Op 02508)

Gardner v Virtuoso Ltd

2022 NY Slip Op 02508

Decided on April 19, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 19, 2022

Before: Gische, J.P., Webber, Scarpulla, Rodriguez, Higgitt, JJ. 

Index No. 656244/19 Appeal No. 15746 Case No. 2022-00205 

[*1]Jena Gardner et al., Plaintiffs-Respondents,
v
Virtuoso Ltd et al., Defendants-Appellants.

Law Offices of Mark I. Bailen, New York (Mark I. Bailen of counsel), for appellants.
James J. DeCristofaro, New York, for respondents.

Order, Supreme Court, New York County (Andrea Masley, J.), entered December 30, 2021, which, to the extent appealed from, denied defendants' motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the claims for defamation and trade and product disparagement insofar as asserted by plaintiffs Jena Gardner, JG Black Book, Heritage Tours USA, Inc., and Revealed Enterprises LLC d/b/a Revealed California d/b/a Revealed America (hereinafter, plaintiffs), unanimously modified, on the law, to grant the motion as to the defamation and the trade and product disparagement claims except as asserted by Heritage and Revealed based on online postings about them on February 6, 2019 and February 15, 2019, respectively, and with leave to replead insofar as the claims are based on the particular words as alleged in the first amended complaint, and otherwise affirmed, without costs.
To the extent the defamation and trade and product disparagement claims are predicated on the 24 alleged "directed statements," they should be dismissed because they do not set forth the "'exact words'" complained of (Offor v Mercy Med. Ctr., 171 AD3d 502, 503 [1st Dept 2019], lv denied 34 NY3d 909 [2020]; BCRE 230 Riverside LLC v Fuchs, 59 AD3d 282, 283 [1st Dept 2009]; CPLR 3016[a]). Nevertheless, we grant plaintiffs leave to replead with the requisite particularity (see e.g. Gardner v Alexander Rent-A-Car, 28 AD2d 667 [1st Dept 1967]).
To the extent the claims are based on the April 2019 online posting regarding plaintiff JG Black Book, they should be dismissed because the complaint fails to allege facts from which the posting can be "reasonably read both to impart a defamatory inference and to affirmatively suggest that the author intended or endorsed that inference" (Stepanov v Dow Jones & Co., Inc., 120 AD3d 28, 37-38 [1st Dept 2014]).
The court correctly denied the motion to dismiss the defamation and trade and product disparagement claims as asserted by plaintiffs Heritage and Revealed based on the February 2019 online postings about them. While they entered into Preferred Supplier Agreements with defendant Virtuoso Ltd pursuant to which Virtuoso could place them on probationary status if in its sole discretion it found them to be "problematic" due to, among other things, outstanding commission or fee payments, operational problems, service issues, or financial instability, and to notify its members of any such change in status, they did not consent to defamatory statements about them. Further, the emails submitted by defendants in support of their motion do not utterly refute the complaint's allegations that the February 2019 postings regarding Heritage and Revealed were defamatory (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; CPLR 3211[a][1]). In addition, while Virtuoso might have had a qualified common interest privilege in informing its members of any payment, service, or responsiveness issues with Heritage and Revealed (see Liberman v Gelstein, 80 NY2d [*2]429, 437 [1992]), the complaint sufficiently alleges that the posting were made with the requisite malice to overcome the privilege (see Pezhman v City of New York, 29 AD3d 164, 168-169 [1st Dept 2006]).
We read the complaint to assert disparagement claims based on both trade libel (see Banco Popular N. Am. v Lieberman, 75 AD3d 460, 462 [1st Dept 2010]) and product disparagement (see Ruder & Finn v Seaboard Sur. Co., 52 NY2d 663, 670-671 [1981]). With regard to the product disparagement claim, the complaint sufficiently alleges that the February 2019 online postings regarding Heritage and Revealed may fairly be construed to impugn their "core products," i.e., the service of providing customized vacations. The complaint also adequately pleads the requisite malice (see id.).
We have considered defendants' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 19, 2022