■ DANIEL J. O'CONNELL, Appellant, v PAUL E. KERSON et al., Respondents. [736 NYS2d 895] —In an action to recover damages for attorney misconduct pursuant to Judiciary Law § 487 (1), the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Carter, J.), entered January 5, 2001, as amended March 20, 2001, as granted those branches of the defendants' motion which were for summary judgment dismissing the complaint and, without opposition, to impose sanctions pursuant to 22 NYCRR 130-1.1 to the extent of directing him to pay a sanction in the sum of $10,000, and his attorney to pay a sanction in the sum of $2,500, to the Lawyers' Fund for Client Protection.

Ordered that the appeal from so much of the order as granted that branch of the motion which was to impose a sanction on the appellant's attorney is dismissed, as the appellant is not aggrieved by that portion of the order (*see,* CPLR 5511; *Scopelliti v Town of New Castle,* 92 NY2d 944); and it is further,

Ordered that the appeal from so much of the order as granted that branch of the motion which was to impose a sanction on the appellant is dismissed, as no appeal lies from a portion of an order entered upon the default of the appealing party (*see,* CPLR 5511); and it is further,

Ordered that the order is modified by deleting the provision thereof directing the appellant to pay a sanction in the sum of $10,000 to the Lawyers' Fund for Client Protection and substituting therefor a provision directing him to deposit the sum of $10,000 with the Clerk of the Supreme Court, Nassau County, for transmittal to the Commissioner of Taxation and Finance; as so modified, the order is affirmed insofar as reviewed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The Supreme Court correctly granted that branch of the respondents' motion which was for summary judgment dismissing the complaint in this action to recover damages for attorney misconduct pursuant to Judiciary Law § 487 (1). The record is devoid of any evidence of either intent by the respondents to deceive, or a chronic, extreme pattern of legal delinquency that proximately caused the appellant's alleged damages (*see, Ulrich v Hausfeld,* 269 AD2d 526; *Estate of Steinberg v Harmon,* 259 AD2d 318; *O'Connor v Dime Sav. Bank of N.Y.,* 265 AD2d 313). Altman, J.P., Feuerstein, H. Miller and Cozier, JJ., concur.