**AURORA LOAN SERVICES, INC., Plaintiff,**

v.

**POSNER, POSNER & ASSOCIATES, P.C., Martin L. Posner, and Jane Y. Posner, Defendants.**

**No. 02 Civ. 9742(SCR)(LMS).**

United States District Court, S.D. New York.

Oct. 9, 2007.

Robert Clifford Boneberg, Vincent Antoniello, Lowenstein & Sandler, PC, New York City, for Plaintiff.

Benjamin Zelermyer, Law Offices Of Wesley Chen, New York City, Steven Alan Coploff, Steinberg & Cavaliere, LLP, White Plains, NY, for Defendants.

## MEMORANDUM DECISION AND ORDER

STEPHEN C. ROBINSON, District Judge.

### I. Background

Plaintiff Aurora Loan Services Inc. ("Aurora") brought this suit alleging, *inter alia*, legal malpractice and negligence against Defendants Posner, Posner and Associates P.C., Martin L. Posner and Jane Posner. Aurora moves for summary judgment. Defendants move to strike portions of Aurora's motion papers. Aurora's motion for summary judgment is granted in part, and defendants' motion to strike is granted in part.

Between 1997 and 2002, defendants served as foreclosure counsel to Aurora. Among its allegations, Aurora asserts that defendants neglected many of the foreclosure actions in which Defendants represented Plaintiff. The vast majority of loans had been guaranteed by HUD. HUD would guarantee the payment of mortgage interest, provided that the foreclosures occurred within HUD's regulatory framework, which required conclusion of the foreclosure within 13 months. If the foreclosure did not complete within 13 months, interest payments were limited to the interest accrued within the 13 month period. Aurora became concerned that defendants were neglecting their foreclosures and terminated their relationship in 2002. Aurora generally alleges that defendants submitted false or inflated invoices, misappropriated payments, failed to remit payments to vendors for services Aurora paid for, wrote back checks for services owed to Aurora, failed to maintain financial books and records, neglected the foreclosure actions, and engaged in a scheme to cover up their neglect of the actions.

### II. Motion to Strike

Following the filing of Aurora's reply papers in its motion for summary judgment, defendants sought, and this court granted, leave to move to strike portions of the reply papers. This court has discretion in deciding whether to strike portions of plaintiffs reply papers. *Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.,* 215 F.3d 219, 226 (2d Cir.2000).

With respect to the reply affidavit of Robert Boneberg, defendants argue that paragraphs 2–11 of the affidavit contain legal conclusions and factual arguments which are inappropriate. To the extent that these paragraphs contain inappropri-

ate materials, the Court will consider these materials as appropriate.

■ With respect to paragraph 12 of the affidavit and exhibits A–FFF, defendants argue that these materials add inappropriate new material which should have been included in plaintiff's opening papers. This Court agrees. Plaintiff was aware of and in possession of these documents at the time they filed for summary judgment, and it therefore could have included them in its papers. In addition, this Court disagrees with plaintiff that these materials are appropriate because they were added in response to defendants' opposition papers. Defendants argument in opposition was simply that plaintiff had not met its burden in moving summary judgment. To allow plaintiff to then submit new materials to meet its burden would inappropriately allow plaintiff a second bite at the summary judgment apple. Nor does this court agree that allowing defendant an additional sur-reply cures any error because it again allows plaintiff an additional chance to meet its burden on summary judgment, and also creates opportunities for gamesmanship in motion practice. In short, plaintiff had the initial burden in moving for summary judgment, and may not add new materials simply because defendant pointed out that it has not met its burden. Paragraph 12 and exhibits A–FFF of the reply affidavit of Robert Boneberg are therefore stricken.

With respect to the reply affidavit plaintiff's expert, Russell Fayer, defendants represented at oral argument that its concerns regarding plaintiff's papers would be relieved if they were given the opportunity to re-depose Mr. Fayer. Since plaintiff agreed to allow defendants to re-depose Mr. Fayer, defendants' motion to strike is moot.

## III. Motion for Summary Judgment

### A. Summary Judgment Standard

Summary judgment is appropriate only if "there is no genuine issue as to any material fact". Fed.R.Civ.P. 56(c). Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.*

The initial burden falls on the moving party who is required to "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court must view all facts in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the moving party meets its burden, the burden shifts to the party opposing summary judgment to set forth "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The non-moving party "may not rely simply on conclusory allegations or speculation to avoid summary judgment, but instead must offer evidence to show that 'its version of the events is not wholly fanciful.'" *Morris v. Lindau,* 196 F.3d 102, 109 (2d Cir.1999) (quoting *D'Amico v. City of New York,* 132 F.3d 145, 149 (2d Cir. 1998)).

### B. Harris and Faraci Foreclosure Actions

Defendants do not oppose summary judgment on Aurora's second and third claims, the "Harris Foreclosure Action" and the "Faraci Foreclosure Action". Summary judgment on these claims is therefore granted.

## C. Accounting and Disgorgement

Aurora moves for summary judgment on its seventh and eighth causes of action for an accounting and disgorgement of $ 1.6 million in payments that it made to defendants. Defendants do not oppose summary judgment on these claims. Summary judgment as to liability on these claims is therefore granted.

■ In addition Aurora moves for summary judgment on the question of defendants' liability for treble damages under N.Y. Judiciary Law § 487. § 487 provides that:

"An attorney or counselor who:

1. Is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party; or,

2. Wilfully delays his client's suit with a view to his own gain; or, wilfully receives any money or allowance for or on account of any money which he has not laid out, or becomes answerable for,

Is guilty of a misdemeanor, and in addition to the punishment prescribed therefor by the penal law, he forfeits to the party injured treble damages, to be recovered in a civil action."

On its face, § 487 requires an "intent" to deceive the court under the first prong of the statute, or willfulness under the second. In addition, "the imposition of treble damages is warranted only where the defendant attorney has engaged in a chronic, extreme pattern of legal delinquency." *Schindler v. Issler & Schrage, P.C.*, 262 A.D.2d 226, 228, 692 N.Y.S.2d 361 (1st Dep't 1999)(internal quotations omitted).

In support of its motion for § 487 damages, Aurora argues that: 1) defendants failed to keep records; 2) defendants overcharged Aurora; 3) defendants gave false testimony during this litigation as to how they handled disbursements by Aurora; 4) defendants wrote bad checks; 5) defendants used money for personal use (i.e. gambling); 6) defendants committed tax evasion; 7) defendants failed to pay for vendors services. The evidence pointed to by Aurora is insufficient to grant summary judgment on its claim for § 487 damages. The failure to keep records does not *per se* show willfulness or an intent to deceive. In addition, while Aurora provides evidence of overcharging, its argument that defendants did not keep adequate financial records may actually cut against a finding of willfulness or intent to deceive because a reasonable jury could conclude that it indicates neglect rather than intent or willfulness. Finally, defendants' other wrongs, such as using client money for personal use, tax evasion, and litigation conduct, while possibly probative, are not dispositive of the question of whether they acted with intent to deceive the court or willfully delayed or received money that they did not lay out. Thus, while Aurora provides evidence of wrongdoing, a reasonable jury could conclude on this record that defendants' conduct lacked intent or willfulness for the purposes of § 487.

■ Aurora argues that intent or willfulness are not required and that "a chronic, extreme pattern of legal delinquency" is an alternative means recovering under § 487. This Court disagrees. Aurora cites *O'Connell v. Kerson*, 291 A.D.2d 386, 736 N.Y.S.2d 895 (2d Dep't 2002). In *O'Connell*, the court stated that summary judgment in favor of defendant was appropriate because plaintiff had not shown "any evidence of either intent by the respondents to deceive, or a chronic, extreme pattern of legal delinquency that proximately caused the appellant's alleged damages". This Court reads this language to indicate that a chronic, extreme pattern of legal delinquency is a necessary condition

to a finding of liability under § 487, but not that is a sufficient condition to establish liability. To hold otherwise would be to read the requirements of willfulness and intent out of the language of the statute.

In short, summary judgment is granted as to liability on plaintiff's claim for an accounting and disgorgement. However, this court holds that § 487 requires an "intent" to deceive the court under the first prong of the statute, or willfulness under the second. Plaintiff's evidence is insufficient to support summary judgment on this issue at this time, and plaintiff's motion is therefore denied.

## D. Legal Malpractice

■ Plaintiff also moves for summary judgment on its claims for legal malpractice. Plaintiff's motion is denied. Under New York law, the three elements of a legal malpractice claim are: (1) duty, (2) breach of the duty, and (3) proof that the actual damages were proximately caused by the breach of the duty. *Ocean Ships Inc. v. Stiles,* 315 F.3d 111, 117 (2d Cir. 2002).

■ First, Aurora's evidence is insufficient with respect to proof that the actual damages were proximately caused by the breach of the duty. In this case, there are 164 different foreclosure actions, for which plaintiff has provided an expert opinion indicating that the Posners acted negligently. However, Aurora fails to provide sufficient evidence of proximate causation in each individual case. For example, most of the actions were taken over by other firms after Aurora fired defendants. Aurora gives no indication of what these other firms did in prosecuting the cases. In addition, While Aurora argues that they are not required to *plead* each case as a separate cause of action, this argument is unavailing. Aurora can *plead* one cause of action for negligence, but the question

here is not one of pleading—it is showing proximate causation. If Aurora seeks damages on 164 different cases of negligence, it is required to show proximate causation in 164 cases.

■ Second, plaintiff relies on the opinion of its expert, Russell Fayer, that the Posners acted negligently. Defendants declined to provide a competing expert opinion. Nevertheless, an expert's opinion on the issue of negligence should ultimately be evaluated by a fact finder. *See Mapco, Inc. v. Carter,* 573 F.2d 1268, 1282 (Temp.Em.Ct.App.1978)("[B]ecause, even if admissible, opinion evidence must ordinarily be evaluated by the finder of the facts, an affidavit containing admissible opinion evidence in support of a motion for summary judgment is not conclusive.")(citing *Sartor v. Arkansas Natural Gas Corporation,* 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967 (1944)).

Accordingly, Fayer's expert testimony regarding negligence and causation will have to be evaluated by a finder of fact and summary judgment is therefore inappropriate.

## IV. Conclusion

For the reasons stated above, defendants' motion to strike is granted in part. Paragraph 12 and exhibits A–FFF of the Boneberg Reply Affidavit are stricken. The remaining aspects of defendants' motion to strike are denied. Plaintiff's motion for summary judgment is granted in part. Summary judgment is granted in favor of plaintiff on plaintiff's second and third causes of action (the Harris and Faraci foreclosures), and plaintiff's seventh and eighth cause of action, (for an accounting and disgorgement). Summary judgment is denied with respect to defendants'

liability under New York Judiciary Law § 487 and for legal malpractice.

*It is so ordered.*