**Daniel J. O'CALLAGHAN, Plaintiff,**

v.

**Adam SIFRE, Esq., and James Iniguez, Esq., Defendants.**

**No. 05 Civ 7437.**

United States District Court,
S.D. New York.

March 11, 2008.

Daniel J. O'Callaghan, New York, NY, pro se.

James Ernest Iniguez, New York, NY, pro se.

### *DECISION AND ORDER*

VICTOR MARRERO, District Judge.

### I. *BACKGROUND*

Pro se plaintiff Daniel J. O'Callaghan ("O'Callaghan") brought this action invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) alleging injuries allegedly stemming from misconduct by defendants Adam Sifre ("Sifre") and James Iniguez ("Iniguez") (collectively "Defendants"), who are attorneys, in violation of New York Judiciary Law § 487 ("§ 487"). O'Callaghan's action arises from statements made by Defendants orally in court and in counterclaims they filed in connection with legal proceedings as attorneys for a woman referred to as VRB with whom O'Callaghan was engaged in child care and other domestic disputes litigated in state courts in New York and New Jersey. O'Callaghan contends that in the course of those proceedings Defendants made false, unfounded or meritless allegations that amounted to fraud upon the Court.

By Report and Recommendation dated February 26, 2008 (the "Report"), Magistrate Judge Debra Freeman, to whom this matter had been referred for supervision of pretrial proceedings, found that Defendants' statements at issue here demonstrated neither sufficiently egregious misconduct nor a pattern of extreme legal delinquency intended to deceive, so as to constitute a violation of § 487. She thus recommended that the action be dismissed with prejudice as to both Defendants, sua sponte in the case of Sifre since he did not answer or otherwise move with respect to the complaint. O'Callaghan has filed timely objections to the Report. For the reasons stated below, the Court, following a de novo review of the record, grants the motion to dismiss, and otherwise concurs with the findings and recommendations of the Report in their entirety.

### II. *STANDARD OF REVIEW*

A district court evaluating a Magistrate Judge's report and recommendations may adopt those portions of the report to which no "specific, written objection" is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn,* 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Greene v. WCI Holdings Corp.,* 956 F.Supp. 509, 513 (S.D.N.Y.1997). "Where a party makes a 'specific written objection . . . after being served with a copy of the [Magistrate Judge's] recommended disposition,' however, the district court is required to make a de novo determination regarding those parts of the report." *Cespedes v. Coughlin,* 956 F.Supp. 454, 463 (S.D.N.Y.1997) (*citing United States v. Raddatz,* 447 U.S. 667, 676, 100 S.Ct. 2406,

65 L.Ed.2d 424 (1980)). The Court is not required to review any portion of a Magistrate Judge's report that is not the subject of an objection. *See Thomas,* 474 U.S. at 149, 106 S.Ct. 466. A District Judge may accept, set aside, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge as to such matters. *See* Fed. R. Civ. P. 72(a); *DeLuca v. Lord,* 858 F.Supp. 1330, 1345 (S.D.N.Y.1994).

## III. *DISCUSSION*

Having conducted a de novo review of the full factual record in this litigation, including the pleadings, and the parties' respective papers submitted in connection with the underlying motion and in this proceeding, as well as the Report and applicable legal authorities, the Court finds that the statements of Defendants upon which O'Callaghan's claim in this action is founded do not rise to the level of extreme misconduct contemplated by § 487. Specifically, in an action O'Callaghan brought against VRB in New York State court seeking repayment of certain loans, Defendants asserted counterclaims alleging that O'Callaghan had engaged in malicious prosecution against VRB stemming from other litigation between O'Callaghan and VRB in New Jersey Family Court. In connection with O'Callaghan's action against VRB in New York state court, Defendants submitted copies of documents that had previously been filed in the New Jersey Family Court proceedings. In addition, Sifre made statements in an affirmation asserting that O'Callaghan, himself an attorney, had used his knowledge and practice of law to harass VRB and burden the courts with frivolous lawsuits. O'Callaghan further alleges that Defendants made similar accusations in oral statements in court proceedings during the course of the New York state litigation, including a charge that O'Callaghan's malicious suits against VRB was *"killing the child"* they had together. (Amended Compl. ¶ 31 (emphasis in original).)

Section 487 creates a cause of action against an attorney for deceit or collusion engaged in "with intent to deceive the court or any party." N.Y. Judiciary Law § 487 (2005). New York courts limit the application of § 487 to claims that the defendant attorney has intentionally "engaged in a chronic, extreme pattern of legal delinquency." *Schindler v. Issler & Schrage, P.C.,* 262 A.D.2d 226, 692 N.Y.S.2d 361, 363 (1st Dep't 1999) (citing cases); *see also O'Connell v. Kerson,* 291 A.D.2d 386, 736 N.Y.S.2d 895 (2d Dep't 2002) (citing cases). By confining the reach of the statute to intentional egregious misconduct, this rigorous standard affords attorneys wide latitude in the course of litigation to engage in written and oral expression consistent with responsible, vigorous advocacy, thus excluding from liability statements to a court that fall "well within the bounds of the adversarial proceeding." *Lazich v. Vittoria & Parker,* 189 A.D.2d 753, 592 N.Y.S.2d 418, 419 (2d Dep't 1993). Under this threshold, an action grounded essentially on claims that an attorney made meritless or unfounded allegations in state court proceedings would not be sufficient to make out a violation of § 487. *See Thomas v. Chamberlain, D'Amanda, Oppenheimer & Greenfield,* 115 A.D.2d 999, 497 N.Y.S.2d 561, 562 (4th Dep't 1985) ("Assertion of unfounded allegations in a pleading, even if made for improper purposes, does not provide a basis for liability under [§ 487]") (citing cases).

In reviewing de novo the alleged misconduct of Defendants which forms the basis of O'Callaghan's complaint, the Court finds that the statements at issue neither demonstrate sufficient intent to deceive the court nor a party, nor that they demonstrate a sufficiently chronic and extreme

pattern of legal delinquency. *See Schindler*, 692 N.Y.S.2d at 362.

In his objections to the Report, O'Callaghan takes issue with Magistrate Judge Freeman's contrary ruling. He asserts that the Magistrate Judge should have held an evidentiary hearing to probe into court documents in the possession of Defendants that allegedly would establish their knowledge and intent regarding the lack of merit of their accusations, and that the authorities the Magistrate Judge relied upon to recommend dismissal of the complaint do not support a finding of no violation of § 487 in this case. The Court disagrees. Given the strict test New York law imposes to satisfy § 487, the Court is not persuaded that further proceedings in this case would be productive in moving O'Callaghan's claims "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, —— U.S. ——, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007). This determination is all the more compelled by O'Callaghan's speculation and conclusory allegations as to what might be revealed about Defendants' wrongful intent by further delving into court records allegedly in their possession or within their knowledge.

Accordingly, for the reasons stated above, as well as substantially for the reasons set forth in the Report, the Court grants Iniguez's motion to dismiss, and otherwise adopts the Report and its recommendations in their entirety.

### IV. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the motion (Docket No. 32) of defendant James Iniguez to dismiss the complaint of plaintiff Daniel J. O'Callaghan is GRANTED; and it is further

**ORDERED** that on motion of the Court the complaint as to defendant Adam Sifre is dismissed.

The Clerk of Court is directed to withdraw all other pending motions in this action and to close this case.

**SO ORDERED.**