*553 Order and judgment (one paper), Supreme Court, New York County (Debra A. James, J.), entered June 12, 2008, which, following a nonjury trial, awarded plaintiff damages as against defendant Datagence, Inc. on its cause of action for breach of contract, directed a reference to determine the reasonable amount of plaintiffs attorneys’ fees and dismissed Datagence’s counterclaim for fraud, unanimously modified, on the law, to deny plaintiffs request for attorneys’ fees, and otherwise affirmed, without costs.
The trial court erred in granting plaintiffs request for attorneys’ fees. The agreement between the parties required Datagence to indemnify and hold plaintiff harmless for “third party claims, actions, losses, damages, liability, costs and expenses (including, without limitation, reasonable attorneys’ fees and disbursements)”; it does not contemplate the award of attorneys’ fees in an action between the parties, but rather only in actions brought by third parties.
The trial court correctly dismissed Datagence’s counterclaim for fraud in the inducement of the contract as there is no evidence that plaintiff entered the contract with the intention not to perform (see Wagner Trading Co. v Walker Retail Mgt. Co., 307 AD2d 701, 705 [2003], citing Graubard Mollen Dannett & Horowitz v Moskovitz, 86 NY2d 112, 122 [1995]). In any event, both parties had the unfettered right to terminate the contract pursuant to a “termination of convenience” clause requiring only 90 days’ written notice. Datagence’s subjective belief that the relationship with plaintiff would run for at least five years was not justifiable in light of the contract’s limited term of six months, renewable for an additional 18 months (see Meyercord v Curry, 38 AD3d 315, 316 [2007]).
We have considered the remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Mazzarelli, Sweeny, Renwick and Richter, JJ.